[No. G010561. Fourth Dist., Div. Three. Mar. 13, 1991.]

ARTHUR J. POLLOCK et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
STEVEN A. SILVERSTEIN, Real Party in Interest.

**COUNSEL**

Arthur J. Pollock, in pro. per., for Petitioners.

No appearance for Respondent.

Silverstein & Huston and Mark W. Huston for Real Party in Interest.

**OPINION**

**CROSBY, J.—** ██ Plaintiff, an attorney miffed at the imposition of sanctions, attempted to recoup the loss by suing opposing counsel in a new action for breach of contract and fraud. Defendants petitioned for extraordinary relief when their demurrer and motion to strike were overruled. They are entitled to it.

## I

The present lawsuit had its genesis in a Los Angeles Superior Court case in which plaintiff Steve A. Silverstein, Inc., and defendants Arthur J. Pollock and his firm, Pollock & Keleher, represented opposing parties. According to Silverstein's complaint, the attorneys agreed to a settlement and dismissal of the Los Angeles matter: "[D]ue to an ongoing trial and vacations," plaintiff relied on defendants to advise the court of the settlement and to take an upcoming mandatory settlement conference off calendar. Defendants allegedly failed to do so, and "sanctions [against plaintiff were] imposed wrongfully and ignorantly by the court."

For the alleged breach of contract, Silverstein seeks general damages "which include, but are not limited to, judicial sanctions against plaintiff and the costs associated with enforcing the contract through this court action . . . ." As a result of defendants' "despicable" fraud, Silverstein claims he was "sanctioned by the court for failing to appear at the [] Mandatory Settlement Conference and [was] further damaged by expending an as of yet undetermined sum of money in bringing this action . . . ."[1]

Defendants demurred and moved to strike. Plaintiff filed written opposition, but did not appear for the hearing. The court overruled the demurrer and denied the motion: "You shouldn't be confused. All that he had to allege was a contract, breach, and damages, and he did that. Okay? I don't—I'm not going behind the reasons for it. I know that it's a dispute between attorneys. But I'm not ruling on that. I'm not ruling on that."

## II

Plaintiff blithely concludes that he has alleged the textbook elements for breach of contract and fraud and essentially contends the court must view

---

[1] Assuming this lawsuit could somehow succeed, there is obviously no way the damages could rise to the level of the superior court's jurisdiction, notwithstanding the optimistic prayer for punitive damages. This tends to show the vindictive nature of the suit, as does the choice of an Orange County venue to sue Los Angeles counsel arising out of alleged conduct that stemmed from Los Angeles County litigation.

those elements in a vacuum. He further seeks to justify the court's ruling—and the filing of his lawsuit—by arguing that he "is not attacking the judicial order [for sanctions against him], and in fact believes the judicial order was proper based upon the facts before [the judge in Los Angeles]. Plaintiff is not attempting to reconsider that order, but [to] file suit for the breach of the agreement that was entered into between he [*sic*] and another person." Our response to this preposterous position is simply this: Hokum.

If plaintiff has no quarrel with the sanctions order, he should pay up and be done with it. If, as he has inconsistently alleged, the sanctions order was "imposed wrongfully and ignorantly by the [Los Angeles] court" because the defendants breached an agreement or acted tortiously, his remedy was to seek reconsideration (Code Civ. Proc., § 1008) or to appeal. (Code Civ. Proc., § 904.1; see *I. J. Weinrot & Son, Inc.* v. *Jackson* (1985) 40 Cal.3d 327, 331 [220 Cal.Rptr. 103, 708 P.2d 682].) Additionally, he could have filed a statutory motion in the underlying case to enforce the settlement (Code Civ. Proc., § 664.6) or an independent action in the Los Angeles Superior Court to compel enforcement of the settlement. (7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 58, p. 66.) Under no stretch of the imagination do his remedies include an independent action in contract or tort against opposing counsel.

■ Simply put, the public policy of this state is not served by permitting attorneys to sue one another for omissions or representations made as officers of the court during the course of litigation. This policy is reflected in Civil Code section 47, subdivision (b), which recognizes a "privilege [] to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." (*Silberg* v. *Anderson* (1990) 50 Cal.3d 205, 212 [266 Cal.Rptr. 638, 786 P.2d 365]; see also *Holland* v. *Thatcher* (1988) 199 Cal.App.3d 924 [245 Cal.Rptr. 247] [as a matter of public policy, attorneys sued for legal malpractice may not cross-complain against counsel prosecuting the current action on behalf of the defendants' former clients].) In emphasizing the importance of the privilege, the Supreme Court has noted, "although the statutory privilege accorded to statements made in judicial proceedings appears in the code in the chapter on defamation, it applies to virtually all other causes of action, with the exception of an action for malicious prosecution." (*Ribas* v. *Clark* (1985) 38 Cal.3d 355, 364 [212 Cal.Rptr. 143, 696 P.2d 637, 49 A.L.R.4th 417].) And more recently, the court reaffirmed that the "absolute privilege [of former Civil Code section 47, subdivision 2] has always attached [] to *statements* or *publications* made in connection with the applicable proceeding." (*Kimmel* v. *Goland* (1990)

51 Cal.3d 202, 211 [271 Cal.Rptr. 191, 793 P.2d 524], italics in original, internal quotation marks omitted.)

 Attorneys have a relatively swift mechanism for redressing careless, slick, underhanded, or tacky conduct: court-imposed sanctions. Once imposed, sanctions may be reviewed by an appellate court. They may not, however, be tried de novo under the guise of a breach of contract or tort action.

Silverstein's complaint represents an intolerable attempt to end-run and abuse the judicial system and could lead to a geometric proliferation of litigation, if such actions were allowed to proceed. There is no support in law or logic to condone the initiation of such viruses into the legal system.

Silverstein accepted our invitation to reply informally to the issue presented in the petition for writ of mandate and is on notice that a peremptory writ may be in the offing. Issuance of an alternative writ would not aid in our review of the matter. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a peremptory writ issue directing the superior court to sustain the demurrer without leave to amend and to reconsider petitioners' request for sanctions per Code of Civil Procedure section 128.5.

Sills, P. J., and Wallin, J., concurred.